| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | RETURN OF SERVICE | CASE NO 15-007300-CZ |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| OFFICER CERTIFICATE | OR | AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required) |

☐ I served personally a copy of the summons and complaint

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

on the defendant(s)

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| CLERK County Of WAYNE Cathy M. Garrett | FILED CATHY M. GARRETT WAYNE COUNTY CLERK AUG 0 5 2015 BY _Cathy m Smith_ | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

Gwendolyn Hull   5/8/3:11 p.m
Day, date, time

on behalf of Wayne County

Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.115(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND RETURN OF SERVICE | CASE NO. 15-007400-CZ |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                    Court Telephone No. 313-224-0142

THIS CASE IS ASSIGNED TO JUDGE      John A. Murphy      Bar Number: 24492

| **Plaintiff** | **FILED** CATHY M. GARRETT WAYNE COUNTY CLERK AUG 05 2015 BY *Cathy m. Garrett* | **Defendant**  (Clerk - County of County of Wayne Cathy M. Garrett Wayne CAYMC |
|---|---|---|
| Baker- Schneider, Anita Patricia | | |
| **Plaintiff's Attorney** | | **Defendant's Attorney** |
| Frank G. Becker, P-25502 18501 W 10 Mile Rd Southfield, MI 48075-2663 | | |

| CASE FILING FEE | JURY FEE |
|---|---|
| [X]  Case Filing Fee - $150.00 | [ ]  Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 6/ 8/2015 | 9/ 7/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.      CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1.   You are being sued.

2.   YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3.   If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X    There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__   There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__   An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action  [ ] remains   [ ] is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____          _____
Date                                                         Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES.  EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
          MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)



FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
AUG 0 5 2015
BY Cathy m Garrett

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**Anita Patricia Baker- Schneider**,
Personal Representative of the Estate of
**Michael Edward Schneider,** Deceased
    *Plaintiff,*

vs.

**Benny N. Napoleon**, **Wayne County Sheriff**,
**Jeriel Heard**, **Director of Jails, David Praedel**,
**Commander of the William Dickerson Detention
Facility,** all in their individual capacity, **County of
Wayne** and **Wayne County Sheriff's Department**
    *Defendants.*

Case No:  CZ
Hon.    15-007400-CZ

FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/8/2015 8:06:51 AM
CATHY M. GARRETT

_____/
Frank G. Becker (P25502)
Michael D. Zeluff (P31880)
Attorneys for Plaintiff
18501 West Ten Mile Road
Southfield, MI  48075-2663
(248) 789-2437
frankgbecker@yahoo.com
_____/

   There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

   NOW COMES the above named Plaintiff, **Anita Patricia Baker-**

**Schneider**, Personal Representative of the Estate of  **Michael Edward Schneider,**

Deceased,  by and through counsel, Frank G. Becker and Michael D. Zeluff, and complains against Defendants as follows:

## I. Parties

1.      Plaintiff **Anita Patricia Baker- Schneider** is the Personal Representative of the **Estate of Michael Edward Schneider**, deceased, as appointed by the Wayne County Probate Court pursuant to the laws of the State of Michigan.

2.      **Anita Patricia Baker- Schneider** , the Personal Representative, was the wife of the deceased and also, consequently, is within the class of next of kin who may recover pursuant to *MCL § 600.2921* and *MCL § 600.2922,* commonly known as the Michigan Survival and Wrongful Death Statutes. The Deceased also left children and other next of kin who are within that class that may recover pursuant to the Michigan Survival and Wrongful Death Statutes.

3.      The Defendant, **Benny N. Napoleon**, at all relevant times hereto, was the Wayne County Sheriff and had final policy making authority, direct supervisory control and custodial responsibility as to the Plaintiff's Deceased who was a pre-trial detainee incarcerated within the William Dickerson Detention Facility located at 3501 Hamtramck Drive, Detroit, Michigan 48211 at the time he received fatal injuries.

4. The Defendant, **Jeriel Heard**, at all relevant times hereto, was the Chief of Jails and Courts, Office of the Sheriff of Wayne County and had policy making authority, direct supervisory control and custodial responsibility as to the Plaintiff's Deceased who was incarcerated within the William Dickerson Detention Facility at the time he received fatal injuries.

5. The Defendant, **David Praedel**, at all relevant times hereto, was the Commander of the William Dickerson Detention Facility and had direct supervisory control and custodial responsibility as to the Plaintiff's Deceased who was incarcerated within the William Dickerson Detention Facility at the time he received fatal injuries.

6. The Defendant, **County of Wayne**, is a County created and organized as a governmental unit pursuant to the laws of the State of Michigan and existing subject to the laws of the State of Michigan and the laws and Constitution of the United States of America and had policy making authority, direct supervisory control and responsibility as to the Plaintiff's Deceased who was a pre-trial detainee incarcerated within the William Dickerson Detention Facility at the time he received fatal injuries.

7. The Defendant, **Wayne County Sheriff's Department**, is a semi-autonomous unit or department of the Defendant, **County of Wayne,** organized as a governmental unit pursuant to the laws of the State of Michigan and existing

- 3 -

subject to the laws of the State of Michigan and the laws and Constitution of the

United States of America and had policy making authority, direct supervisory

control and responsibility as to the Plaintiff's Deceased who was a pre-trial

detainee incarcerated within the William Dickerson Detention Facility at the time

he received fatal injuries.

## II.  Jurisdictional and Venue Allegations

8.      The Parties hereto are all located in Wayne County Michigan and this

cause of action arose in City of Detroit, County of Wayne and State of Michigan

and the amount in controversy exceeds $25,000.00.

9.      This action arises under the United States Constitution, in particular

under the provisions of the 8th and 14th Amendments of the Constitution of the

United States as made actionable by Federal law *42 USC § 1983*. This Court has

jurisdiction of this cause of action by virtue of the Supremacy Clause of the United

States Constitution *Art. VI, § 2*. State common claims sounding in gross

negligence have also brought.

## III. Factual Allegations

10.     On or about November 8, 2014 and prior thereto, Plaintiff's decedent,

**Michael Edward Schneider**, was an inmate in the William Dickerson Detention

Facility, which was under the sole control of the Defendants herein.

- 4 -

11.     The previous history of the Plaintiff's Deceased suggested mental instability. The information contained in the Court record and communication from the 25th District Court, the nature of the incidents leading to his incarceration and the demeanor of the Plaintiff's Deceased during his incarceration strongly suggested that the Plaintiff's Deceased was mentally incompetent and posed a severe risk of potential for self-harm, including suicide.

12.     At the time of his incarceration, the Plaintiff's Deceased was obviously in psychological distress and possibly suicidal. The Plaintiff's Deceased had mutilated fingers, deep scarring on his body, especially his arms and wrists, that indicated previous self-harm and the potential for further self-harm including suicide.

13.     Despite the obvious psychological distress and illness, the Plaintiff's Deceased was not placed under any special supervision, nor were materials that were known by Defendant as harmful and potential suicidal implements for hanging, removed and/or denied access from Decedent.  Moreover, despite the acute need for psychological treatment, prescribed psychotropic drug therapy, consultation, counseling and/or psychiatric hospitalization, none was provided.

14.     Though readily foreseeable, as a result of the lack of psychological treatment and/or psychiatric hospitalization or adequate treatment and the failure to

- 5 -

properly prescribe medication, the Plaintiff Deceased's acute psychological distress worsened noticeably during incarceration.

15.    That despite the Plaintiff's Deceased's worsening condition no Psychiatrist examined the Plaintiff's Deceased during his incarceration in the William Dickerson Detention Facility.

16.    Given the above circumstances, the capacity and likelihood of self-harm was great. Nevertheless, no special monitoring or observation of the Plaintiff's Deceased was undertaken.

17.    That the Defendants failed to provide adequate staff to properly monitor prisoners or even to make consistent observation on television monitors.

18.    On November 8, 2014, the Plaintiff's Deceased, **Michael Edward Schneider**, acting pursuant to acute and obvious psychological illness, killed himself by hanging, causing irreversible brain damage and eventuating his death on November 12, 2014.

19.    That during the suicide, although noises were made they were not detected given the lack of observation, the lack of monitoring and the lack of adequate staffing.

### COUNT I

### *42 USC § 1983* against Individual Defendants Benny N. Napoleon, Jeriel Heard & David Praedel

20.     The allegations, as set forth above, are repeated and incorporated herein and made a part of this Count.

21.     The Defendants, **Benny N. Napoleon, Jeriel Heard** and **David Praedel** each of them in their various, respective capacities of Wayne County Sheriff, Chief of Jails and Courts, Office of the Sheriff of Wayne County and Commander of the William Dickerson Detention Facility had supervisory, policy making and custodial responsibilities to the Plaintiff's Deceased who was acutely psychologically ill making him unable to control his actions and posing an acute risk of self-harm, including suicide.

22.     Each of the Defendants had a legal duty to establish and implement procedure and plans to ensure that psychiatrically ill inmates would receive needed treatment, supervision, monitoring and be denied of access to suicidal implements.

23.     That the Defendants had a legal duty to adequately supervise, monitor and staff the William Dickerson Detention Facility especially given the presence of the psychiatrically ill Plaintiff's Deceased.

24.     The Plaintiff's Deceased was suffering from obvious and acute psychological distress as manifested in his suicidal actions and this was or should have been known by each of the Defendants. The obvious and serious medical needs of the Plaintiff's Deceased were ignored.

25.    That the obvious need to supervise, monitor and observe the Plaintiff's Deceased and to provide adequate staff was disregarded by the Defendants.

26.    That the serious need to examine and/or treat the Plaintiff's Deceased was ignored.  No procedures were established to attend to the Plaintiff's Deceased.

27.    That the Defendants ignored the need to remove all potentially suicidal implements and to provide the Plaintiff's Deceased a safe and monitored cell to prevent self-harm during his period of acute psychological distress.

28.    That prior instances of self-harm and suicide had occurred within the Wayne County Jails, including William Dickerson Detention Facility, which also placed each of the Defendants upon notice of the possibility in this case, especially when combined with all the circumstances.

29.    That pursuant to the 8th and 14th Amendments of the United States Constitution, the Plaintiff's Deceased, who is presumed to be innocent of any crime, had a right to be afforded medical and psychological care the treatment for his serious medical and psychological needs, appropriate medication, the right to have adequate and properly instructed and trained personnel administer to him for the purpose of properly detecting and managing suicidal persons, the right to be sufficiently supervised and monitored to protect the Plaintiff's Deceased from self-inflicted harm, the right not to be provided with or have access to suicidal materials

which would enhance the likelihood of suicide or self-harm and the right to be placed in a safe cell to decrease the likelihood of suicide.

30.     That despite the obvious psychological distress of the Plaintiff's Deceased, the Defendants were deliberately indifferent to his serious and psychological condition and disregarded each of these serious and psychological needs, which threatened his life. The deliberate indifference of the Defendants constituted cruel and unusual punishment and a denial of due process of law as protected by the 8th and 14th Amendments to the United States Constitution

31.     That as a direct and proximate result of the Defendants' violations of the Plaintiff's Deceased's rights protected by the 8th and 14th Amendments to the United States Constitution, the Plaintiff's Deceased suffered injury and death and the next of kin have been denied the loss of support and been deprived of the society and companionship of the deceased resulting from the death of the deceased, the Estate has also suffered the damages and losses as alluded to below.

## COUNT II

### Gross Negligence against Individual Defendants

32.     The factual allegations, as set forth above, are repeated and incorporated herein and made a part of this Count.

33.     As employees of Wayne County and the Wayne County Sheriff's Department, the Defendants had a duty to the Plaintiff's Decedent as recognized by

the laws and Constitution of the United States, the Michigan Constitution, and Michigan Common law and incorporated into Michigan Statutory Law. Furthermore, the Defendants were contractually employed to provide care and attention for the safety of the Plaintiff's Deceased and others incarcerated by and pursuant to the authority of the Defendants.

34.     That the individual Defendants were grossly negligent in their disregard of the supervision or monitoring of the known psychiatric distress of the Plaintiff's Deceased and are rendered liable pursuant to the Michigan Common law Michigan Governmental Immunity Statute. *MCL § 691.1407*

35.     That at all times hereinafter mentioned, the Defendants were grossly negligent in the following ways stated by way of example and not limitation:

a)      Failing to take proper measures to prevent the suicide of the Plaintiff's Decedent, including proper monitoring of inmates;

b)      Failure to adequately staff or supervise the jail;

c)      Failing to properly supervise, watch and attend to the Plaintiff's Decedent following his incarceration;

d)      Failing to prevent the decedent's access to suicidal materials;

e)      Failing to properly counsel, instruct and advise the Plaintiff's Decedent, given his suicidal condition;

f)      Failure to properly employ, train and instruct personnel for the aforesaid purposes;

g)      Failure to establish procedures to ensure proper training, accountability and responsibility for the proper screening, classification, dissemination of information to custodial workers and for the general care and treatment of the Plaintiff's Deceased; and

h)      Failure to place the Plaintiff's Decedent in a proper suicide prevention cell free of suicidal implements such as bed sheets;

i)      Failure to properly screen, classify, disseminate information regarding psychologically ill and distraught persons, like Plaintiff 's Deceased, who pose the foreseeable risk of self-harm including suicide while incarcerated by and under their authority and governmental auspices of the County of Wayne;

j)      Failure to properly train and disseminate information regarding instances of persons who have attempted to hang themselves or have inflicted other self-harm upon themselves and to provide care and treatment for persons, such as the Plaintiff's Deceased, who needed immediate and effective resuscitative and CPR procedures implemented and the immediate conveyance to a medical facility for emergency procedures.

k)      Failed to establish sufficient suicide prevention cells in the William Dickerson Correctional Facility.

- 11 -

l)      Failed to adequately staff the William Dickerson Correctional Facility while continuing to accept inmates who these Defendants either knew or should have known posed such a special increased threat of self-harm and death and who needed greater monitoring.

36.     At all times relevant herein, the individual Defendants had actual and constructive knowledge that the failure would pose an unreasonable risk of harm to the persons incarcerated with psychological problems such as the Plaintiff's Deceased.

37.     As a direct and proximate result of the violation of the rights of the Plaintiff Deceased by the Defendants as well as their gross negligence and breach of their duties, they allowed the Plaintiff's Deceased to hang himself without prevention and detection resulting in the suffered damages alluded to below.

## COUNT III

### Violation of United States Constitutional Rights By County of Wayne, Wayne County Sheriff's Department &Wayne County Sheriff, Benny Napolean

38.     The factual allegations, as set forth above, are repeated and incorporated herein and made a part of this Count.

39.     The Defendants **County of Wayne**, **Wayne County Sheriff's Department** and Wayne County Sheriff, **Benny N. Napoleon**, in his official capacity, pursuant to this Count, have established and displayed customs, policies

and practices of deliberate indifference toward psychologically ill and distraught

persons, including Plaintiff 's Deceased who posed the foreseeable risk of self-

harm including suicide while incarcerated by and under their authority and

governmental auspices in the County of Wayne, which are in violation of the

Eighth Amendment of the United States Constitution as made actionable pursuant

to **42 USC § 1983,** as enumerated in this complaint. Wayne County Sheriff, **Benny**

**N. Napoleon**, has final policy making authority for all decisions involving the

incarceration of inmates, including the Plaintiff Deceased herein. **Benny N.**

**Napoleon** also had individual responsibility toward the Plaintiff's Deceased and

the other persons incarcerated by Wayne County.

40.    ***Monell v. New York City Department of Social Services***, 436 U.S.

658, 690-92 (1978) establishes the principle that governments and executive policy

making governmental officials will be liable for harm caused by its own policies,

customs or practices. The failure to provide proper training by Defendants herein

represents a policy for which the Defendants are responsible. These Defendants

were so indifferent to training, which was obviously inadequate and thus likely to

result in the violation of constitutional rights as the government and the policy-

makers can reasonably be said to have been deliberately indifferent to the needs of

the Plaintiff's Deceased.

41.     Despite previous instances of severe self-harm and suicides by psychologically ill and distraught inmates and otherwise having long standing knowledge of instances of suicide and self-harm occurring while persons were incarcerated and in the custody of the **County of Wayne**, **Wayne County Sheriff's Department** and **Wayne County Sheriff**, **Benny N. Napoleon,** through their own actions demonstrate that these Defendants have failed to issue policies and procedures to its employees which would ensure proper handling of psychological ill and distraught inmates, such as Plaintiff's Deceased.

42.     Particularly, but not exclusively, these governmental Defendants failed to institute policies designed to coordinate, communicate, obtain or review information provided by the arresting law enforcement agencies, the sentencing Courts and the transportation persons that would reflect on the incarcerated persons actual and potential threat of self-harm including suicide.  No policies were established to adequately obtain information, to review, to coordinate and communicate regarding past instances and history of actual self-harm, threats of self-harm, distraught demeanor, past, recent psychological condition, current psychological condition, behavior and other apparent risk of harm.  No effective policies were established to then use the information obtained to screen for psychological illness at the time the person was entering the William Dickerson Correctional Facility and to appropriately place and then monitor those persons

- 14 -

with such conditions and potential for self-harm for confinement within safer areas of the facility, especially suicide prevention cells.

43.     These governmental Defendants, through conscious decision making, failed to institute policies, resulting in the failure to establish procedures for proper screening, the failure to provide for segregation of at risk inmates in proper suicide prevention cells, the failure to prevent access to suicidal implements such as sheets and the failure to monitor that threatened person for suicidal behavior.

44.     These governmental Defendants failed to institute policies and failed to employ sufficient medical and psychological staff to screen, treat, counsel, and monitor and implement effective psychotropic drug therapy for inmates housed in the William Dickerson Correctional Facility.

45.     These governmental Defendants failed to institute policies and failed to determine, review, monitor and improve the grossly ineffective medical and psychological screening, psychotropic drug therapy, treatment, counseling and monitoring of threatened at-risk inmates and failed to otherwise implement and enforce effective medical and psychological treatment for inmates housed in the William Dickerson Correctional Facility.

46.     These governmental Defendants failed to institute policies and failed to deploy sufficient effective suicidal monitoring and prevention equipment such as

monitors, listening devices or suicidal gowns for at-risk, threatened inmates housed in the William Dickerson Correctional Facility.

47.     Despite knowledge that the William Dickerson Correctional Facility was severely understaffed and without enough correctional officers and other staff, including Psychiatrists, Psychologists, Nurses, Counselors, Social Workers or others responsible for screening and treatment  purposes and despite the knowledge that they were not able to sufficiently screen for and place threatened inmates in a secure environment, or to provide counseling and treatment or to sufficiently monitor psychologically distraught inmates using proven modern equipment, they fail to take corrective measures of suicide prevention .

48.   These governmental Defendants failed to institute policies and procedures, failed to communicate those policies and procedures through training, failed to install effective resuscitative equipment capable of saving persons who have harmed themselves and for those in need of immediate treatment have failed to prepare for immediate conveyance to an emergency room of a hospital. Defendants have disregarded the necessity of repeated dissemination of information regarding the implementation of safe practices, regulations and procedures and the continuing supervision and training of officers.

49.   The **County of Wayne**, **Wayne County Sheriff's Department's** and **Wayne County Sheriff**, **Benny N. Napoleon's** consciously understaffed and

underfunded the William Dickerson Correctional Facility and tolerated overcrowding of inmates and the intense inflow of inmates so that effective monitoring of psychologically distraught and ill inmates was not possible. Nevertheless, they continued to accept at-risk inmates for housing although these governmental Defendants either knew or should have known that these inmates needed greater monitoring and posed an increased and unreasonable special threat of self-harm and death because of the understaffed and overcrowded conditions

50.     The **County of Wayne**, **Wayne County Sheriff's Department's** and **Wayne County Sheriff**, **Benny N. Napoleon's** failed to establish policies to effectively coordinate with nearby medical facilities and medical education centers to obtain prompt and continuing adequate medical, psychological, counseling assistance to prevent instances of self-harm and to provide care and treatment for persons, such as the Plaintiff's Deceased, who needed immediate and effective resuscitative and CPR procedures implemented.

51.     The **County of Wayne**, **Wayne County Sheriff's Department's** and **Wayne County Sheriff**, **Benny N. Napoleon's** failures, as indicated above and refined by discovery, to institute and promulgate policies, provide funding, adequately screen inmates, and fail to implement procedures for handling situations such as occurred in this case have resulted in a decrease in general

- 17 -

vigilance on the part of Defendant's officers ensure that civil rights violations do not occur.

52. The **County of Wayne**, **Wayne County Sheriff's Department's** and **Wayne County Sheriff**, **Benny N. Napoleon's** repeated and varied failures to institute policies, provide funding, adequately screen, review, monitor as well as the failure to issue appropriately written and communicated policies and procedures for handling threatened inmates proximately caused and contributed to the death of the Plaintiff 's Deceased.

53. The **County of Wayne**, **Wayne County Sheriff's Department's** and **Wayne County Sheriff**, **Benny N. Napoleon** were deliberately indifferent with respect to training, policies, customs and practices and the lack of concern was so obvious and the inadequacy so blatant that it was likely to result in the violation of the Plaintiff 's constitutional rights. These governmental Defendants were, by such demonstrated deliberate indifference to the needs and protection of the Plaintiff's Deceased and others similarly situated that it represented official policies of action and inaction of these governmental units for which these governmental units are fully responsible for under the laws and Constitution of the United States and in particular in violation of the Eighth, Fourteenth Amendments to the Constitution of the United States as made actionable by *42 US § 1983*.

**Damages**

54.     That the factual allegations as set forth above are incorporated herein and made a part of this Count and this Count is fully applicable and relates to each of the above Counts and each of the Defendants.

55.     The next of kin of the Plaintiff's Deceased including his Wife and Children have suffered and have been deprived of the guidance, support, society and companionship of the Plaintiff's Deceased.

56.     That the Plaintiff's Deceased suffered conscious pain and suffering prior to his death.

57.     That the estate has become liable for medical and burial expenses.

58.     That the above elements of damages are recoverable pursuant to the Michigan Survival Statute and the Michigan Wrongful Death Statute.

WHEREFORE, Plaintiff **Anita Patricia Baker- Schneider**, Personal Representative of the **Estate of Michael Edward Schneider**, claim damages pursuant to the Michigan Wrongful Death Statute and Michigan Survival Statute in an amount which is fair and just as determined by the jury.  Furthermore, an award of interest, costs and statutory attorney fees is requested.

Moreover, actual attorney fees pursuant to *42 USC §1988* based on violation of *42 USC §1983* is also requested.

Respectfully Submitted;


/S/Frank G. Becker
Frank G. Becker (P25502)
Michael D. Zeluff (P31880)
Attorneys for Plaintiff
18501 West Ten Mile Road
Southfield, Michigan 480752663
(248) 789-2437
frankgbecker@yahoo.com

Dated: June 6, 2015