UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Anita Patricia Baker- Schneider,**
Personal Representative of the Estate of
**Michael Edward Schneider,** Deceased
          *Plaintiff,*

Case No: 15-12897

Honorable Linda V. Parker

vs.

**Benny N. Napoleon, Wayne County Sheriff,**
**Jeriel Heard, Director of Jails, David Praedel,**
**Commander of the William Dickerson Detention**
**Facility, Dr. Keith C. Dlugokinski Director of Jail**
**Health Services for Wayne County, Dr. Rubab F. Huq M.D,**
**Wayne County Corporal Gerald Thomas** all in their individual
capacity, **County of Wayne, Wayne County Sheriff's Department**
          *Defendants.*

| | |
|---|---|
| Frank G. Becker (P25502) | Margaret M. Flanagan (P52352) |
| Michael D. Zeluff (P31880) | James M. Surowiec (P49560) |
| Attorneys for Plaintiff | Zenna Elhasan (P67961) |
| 18501 West Ten Mile Road | Attorneys for Defendants |
| Southfield, MI 48075-2663 | 500 Griswold, 30th Floor |
| (248) 789-2437 | Detroit, Michigan 48226 |
| frankgbecker@yahoo.com | 313.224-6682 |
| | mflanaga@waynecounty.com |

## AFFIDAVIT OF DR. GERALD SHIENER

I, Dr. Gerald Shiener, being duly sworn, state as follows:

1.    I am a board certified Psychiatrist and my office is located at 251 E. Merrill Street. My qualifications and experience are summarized in the attached Curriculum Vitae.

1

2. I have been testified and offered opinions in jail suicide, self-harm cases and failure to protect cases for many years by both the Plaintiff and the Defense (Governmental) Parties in cases of this type.

3. I was retained by Plaintiff's Counsel Frank G. Becker in this matter and I have reviewed and continue to review the depositions taken in this action, Wayne County Jail Policies produced, the documentation produced by Wayne County in the course of the discovery in this case regarding the incident, and the literature dealing with inmate suicide in jails and lockups, especially the incarceration of inmates with psychological issues.

4. Based on my review of the above materials, experience, education and special knowledge in the field, I have arrived at certain opinions that may be relevant to the Motion for Summary Judgment filed by the Defendants in this case.

5. It is my expert opinion that inmate suicide and risk of self-harm, is a well-known and identified consideration, and risk of harm to anyone confined in a jail or lockup facility. The risk of suicide was well-known to all the Defendants, employed by Wayne County, on the date of the incarceration of Plaintiff's Deceased, Michael Schneider.

6. It is my expert opinion that inmate suicide and self-harm is an especially well-known and identified risk of harm to inmates is known to anyone employed by Wayne County, on the date of the incarceration of Plaintiff's Deceased, Michael Schneider because of past incidents, previous and pending litigation .

7. It is my expert opinion that the threat of inmate suicide and self-harm is greatest in the first 72 hours of incarceration, and is greater than later during period of incarceration.

8. It is my expert opinion that it is imperative to identify inmates at risk, and institute special measures, which may be: close observation, psychological counseling, and treatment to those inmates that pose a suicidal or self-harm threat upon their arrival, especially within the first 72 hours of confinement.

9. It is my expert opinion that those inmates, who pose a suicide and self-harm risk, should be managed with no materials that could potentially be used for self-harm, including but not limited to sheets, shoe laces, or any material that could be used as a ligature, sharp objects or toxic substances, cleaning fluids and the like, so that no opportunity for self- harm be available during this critical 72 hour period of incoming incarceration.

10. It is my expert opinion that until an inmate, who has a history of suicide attempt and self-harm attempts and other known indicators of self-harm, such as the Plaintiff's Deceased, Michael Schneider, should be placed in a protected closely monitored area, with special protective "suicide materials" until seen by a qualified psychologist or psychiatrist for treatment and safe appropriate placement and other safety measures are determined for that inmate.

11. It is my expert opinion that it is a well-known and identified fact that the self-report of a psychologically ill inmate that he is not suicidal cannot be the sole criteria for determining risk.

12. It is my expert opinion that, especially where a separate psychological screening is established as part of the screening process, as in this case, a medical screening alone, where the Physician relies on a separate psychological screening, is woefully insufficient to place an inmate, with suicide attempt history and self-harm history and tendencies, such as Plaintiff's Deceased, Michael Schneider, into the general jail population with access to suicidal implements.

13. It is my expert opinion that the failure of the screening process at the Dickerson Facility of Wayne County Jail to obtain records of an actual suicide attempt at the Ecorse Jail and resultant hospitalization at Henry Ford Wyandotte Hospital within one month of his arrival constitutes deliberate indifference to the serious medical and psychological needs of the Plaintiff's Deceased since Wayne

County Jail has this existing capability through quick and ready access to Community Health Records, Police Department records and Hospital records.

14. It is my expert opinion that the placement of Plaintiff's Deceased, Michael Schneider, after his initial screening by a Nurse Assistant indicating his need to be seen for a Psychological clearance, in the general population instead of placement in an available protected, psychological unit constituted a conscious disregard for his safety and deliberate indifference to the serious medical and psychological needs of the Plaintiff's Deceased.

15. It is my expert opinion that the failure to provide any psychological treatment of Plaintiff's Deceased, Michael Schneider, after his initial screening by a Nurse Assistant indicating his need to be seen for a Psychological evaluation, and his reported and actual history of recent suicidal constituted a conscious disregard for his safety and deliberate indifference to the serious medical and psychological needs of the Plaintiff's Deceased.

16. I believe that proper screening, placement, monitoring, treatment, including medication, and self-harm preventative measures such as denial of suicidal implements, would have prevented the death of Plaintiff's Deceased, Michael Schneider.

17. I am aware of the legal meaning of the terms used in this Affidavit based on my experience and training and use these words, such as reckless indifference and deliberate indifference with that meaning in mind.

*[signature]*
Gerald Shiener, M. D.

Subscribed and sworn before me
On this ___15th___ day of August
20017
*[signature: Stephanie M Easter]*
Notary Public, Wayne County.
Acting in Oakland County
Commission expires: 05/05/2019