UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA PATRICIA BAKER-SCHNEIDER,
Personal Representative of the Estate of
Michael Edward Schneider,

        Plaintiff,

v.

Civil Case No. 15-12897
Honorable Linda V. Parker

BENNY N. NAPOLEON, WAYNE COUNTY
SHERIFF; JERIEL HEARD, DIRECTOR OF
JAILS; DAVID PRAEDEL, COMMANDER OF
THE WILLIAM DICKERSON DETENTION
FACILITY; DR. KEITH C. DLUGOKINSKI,
DIRECTOR OF JAIL SERVICES FOR WAYNE
COUNTY; DR. RUBAB F. HUQ; WAYNE COUNTY
CORPORAL GERALD THOMAS; COUNTY OF WAYNE,
and WAYNE COUNTY SHERIFF'S DEPARTMENT,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT RUBAB F. HUQ'S MOTION FOR RECONSIDERATION

This lawsuit arises from Michael Edward Schneider's suicide while a pretrial detainee in the Wayne County Jail's William Dickerson Detention Facility. On March 15, 2018, this Court entered an opinion and order granting summary judgment to all defendants, except Rubab F. Huq, M.D. (ECF No. 41.) Presently before the Court is Dr. Huq's motion for reconsideration, filed pursuant to Eastern

District of Michigan Local Rule 7.1(h) on March 29, 2018. (ECF No. 43.) Plaintiff filed a response to the motion on April 17, 2018. (ECF No. 45.)

Rule 7.1(h) provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already

thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983)). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

In her motion for reconsideration, Dr. Huq raises three challenges to the Court's summary judgment decision. First, she contends that the Court improperly made a credibility determination regarding a key piece of evidence, which was undisputed. Second, Dr. Huq urges the Court to consider the deposition testimony of one of the jail's psychiatric social workers, Sybil S. Sartin, which previously was not offered into evidence by either party. Dr. Huq argues that Ms. Sartin's testimony supports a finding that Mr. Schneider's past suicide attempt, past taking of psychotropic medications and being a self-cutter was not evidence that he was a suicide risk. Lastly, Dr. Huq contends that the Court should reconsider its decision in light of the opinion of Plaintiff's expert who provided that in a jail system employing psychiatrists, psychologists or psychological social workers designated to evaluate, screen, and treat inmates, other medical staff are entitled to rely on their intervention and not exceed their designated authority to make psychological determinations.

First, the Court did not make a credibility determination in regard to Dr. Huq's testimony that she would not have made an immediate psychological referral even if she had seen the intake information indicating Mr. Schneider's prior suicide attempt. Instead, as the Court stated in its March 15, 2018 decision, it concluded only that "reasonable jurors could find [Dr. Huq's] testimony self-serving" and that this testimony therefore was not determinative of whether she recklessly disregarded available information evidencing Mr. Schneider's risk of suicide. (*See* ECF No. 41 at Pg ID 989.) Undoubtedly, most defendants in an Eighth Amendment deliberate indifference action testify (or would testify) after the fact that they did not perceive a substantial risk to the prisoner based on the information they possessed when they engaged in the alleged unconstitutional conduct. In the current instance, the Court believes it is a question for the jury whether Dr. Huq subjectively perceived such a risk.

Next, Ms. Sartin's deposition was taken after Defendants filed their summary judgment motion, as Dr. Huq indicates. However, the deposition occurred shortly thereafter and before Defendants filed their reply brief. As such, it was evidence Defendants previously could have submitted in support of their motion. The Sixth Circuit has stated that motions for reconsideration "'cannot … be employed as a vehicle to introduce new evidence that could have been adduced during [the] pendency of the summary judgment motion.'" *Am. Marietta Corp. v.*

4

*Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003) (quoting *Macdermid Inc. v. Electrochemicals, Inc.*, Nos. 96-3995, 96-4072, 1998 WL 165137 (6th Cir. Mar. 31, 1998) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *amended*, 835 F.2d 710 (7th Cir.1987)). In any event, Ms. Sartin's testimony does not demonstrate a palpable defect in this Court's decision denying Dr. Huq summary judgment.

Ms. Sartin testified that she would not immediately send an inmate to the mental health unit with a history of psychiatric illness and treatment, self-cutting, and prior suicide attempt, explaining:

> I've talked to people who have said, oh, yes, I tried to commit suicide twenty-five years ago. Well, that definitely wouldn't be a person that I would classify as actively suicidal or even having suicidal ideation. *So you have to get more information* when you're, when you ask a question like that. You can't just leave it open-ended with yes, you would be more specific as to when, how serious was it, were you taken to the hospital . . .

(Sartin Dep. at 72, ECF No. 43-1 at Pg ID 1035, emphasis added.) Mr. Schneider did not attempt suicide years or even months before his arrival at the Dickerson facility, however. He attempted suicide *twelve days* earlier. The Court denied summary judgment to Dr. Huq because it believed a reasonable jury could conclude that she was deliberately indifferent to that information. Ms. Sartin's testimony does not undermine the Court's reasoning and, to a great extent,

5

supports it, as she provides that it is necessary to get more information upon learning that an inmate previously attempted suicide.

Finally, Plaintiff's expert, Dr. Alvin Cohn, does not opine that Dr. Huq is "*entitled* to rely on the jail procedures in place with the expected intervention of a psychiatric staff . . . ." (Br. in Supp. of Mot. at 2, ECF No. 43 at Pg ID 1003, emphasis added.) Instead, Dr. Cohn provides only that "nurses and Dr. Ruhab Huq rely on that expected intervention …" (Cohn Aff. ¶ 19, ECF No. 36-9 at Pg ID 645.) Dr. Cohn never states in his affidavit that the jail's nurses or Dr. Huq were relieved of their Eighth Amendment obligations based on this reliance—and any such opinion would be beyond his area of expertise and inadmissible as a legal conclusion.

Nevertheless, this Court is confident that jail personnel are not relieved of their constitutional duty to alleviate a significant risk of harm to inmates simply because jail procedures provide for experts charged with making physical or mental health assessments of incoming inmates. Otherwise, Eighth Amendment claims alleging deliberate indifference to an inmate's physical or psychological needs by jailhouse officers would rarely survive. Yet, they do. *See, e.g., Schultz v. Sillman*, 148 F. App'x 396 (6th Cir. 2005) (affirming district court's denial of summary judgment to corrections officer where records reflect inmate was seen by staff psychologist, who released inmate at one point from suicide watch).

6

For these reasons, the Court concludes that Dr. Huq fails to demonstrate a palpable defect in the decision denying her summary judgment.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration by Defendant Dr. Rubab Huq is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager